■ In the Matter of RAUL TORRES, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the New York Department of Correctional Services, et al., Respondents. [624 NYS2d 67] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

At issue in this proceeding is whether the fact that a weapon was found hidden in a chair in the living area assigned to petitioner is sufficient to give rise to a reasonable inference that petitioner possessed the weapon. In *Matter of Varela v Coughlin* (203 AD2d 630) we recognized that the authority of the Commissioner of Correctional Services to draw reasonable inferences from evidence in the record can include an inference of impropriety based upon the presence of a weapon in an area under the inmate's control. We refused to permit such an inference in the *Varela* case, however, because of the brief period of time that the inmate had been in the facility and in control of the cell where the weapon was concealed. In *Varela,* the inmate had been transferred to the facility only a few days before the weapon was found and was in the cell for no more than six days, during which he was keeplocked for some of the time. We noted the absence of any evidence that the inmate could have brought the weapon into the facility or had the opportunity to acquire a weapon in the facility during the brief period that he was not keeplocked.

Petitioner in this case was in the facility for at least 20 days and was assigned to the living area eight days before the weapon was found. He was not keeplocked after his transfer to the facility. In these circumstances, which are distinguishable from those in *Varela (supra),* we are of the view that the evidence is sufficient to give rise to a reasonable inference of petitioner's possession of the weapon, an inference which is not defeated by the fact that other inmates had access to petitioner's living area *(see, Matter of Mabery v Coughlin,* 168 AD2d 879, *lv denied* 77 NY2d 808). Petitioner's denial of any knowledge of the weapon and his reference to his prior good behavior created questions of credibility for the factfinder to resolve.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.