■ JUDY A. PRUNCHAK et al., Appellants, v ANTHONY M. PALUMBO et al., Respondents. [632 NYS2d 1007] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff appeals from a judgment entered upon a jury verdict of no cause of action in favor of defendants. Upon our review of the record, we conclude that the verdict is not against the weight of the evidence and is supported by legally sufficient evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 498). Plaintiff's contention that Supreme Court erred in failing to instruct the jury regarding the 1964 New York State Building Code was not properly preserved for our review by objection to the charge as given (see, Bichler v Lilly & Co., 55 NY2d 571, 583). The court's refusal to charge the jury that a person may assume that the sidewalk over which he or she is travelling is in a safe condition does not require reversal. The jury found that defendant was not negligent and thus never reached the issue of comparative negligence.

We have reviewed the remaining contentions raised by plaintiff and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Niagara County, Sprague, J.—Negligence.) Present—Lawton, J. P., Fallon, Callahan, Davis and Boehm, JJ.

■ In the Matter of TERRY ROUSE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. [632 NYS2d 46] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The detailed misbehavior report, authored by a correction officer who observed the incident and cosigned by another correction officer who also observed the incident, constitutes substantial evidence to support respondent's determination that petitioner violated inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i]), prohibiting the possession of contraband that may be classified as a weapon (see, Matter of Foster v Coughlin, 76 NY2d 964, 966; Matter of Perez v Wilmot, 67 NY2d 615, 616-617). Petitioner's denial of the charge presented an issue of credibility for the Hearing Officer (see, Matter of Foster v Coughlin, supra, at 966; Matter of Perez v Wilmot, supra, at 617). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.