■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMALLS, Appellant. [632 NYS2d 1004] —Judgment unanimously affirmed. Memorandum: Under the circumstances of this case, Supreme Court did not abuse its discretion in denying defendant youthful offender status. Because defendant was convicted of armed felonies (see, CPL 1.20 [41]; Penal Law § 70.02), he was eligible for youthful offender status only if the court found "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]; [2] [a] [ii]). The sentence is neither unduly harsh nor severe, and we decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Erie County, Griffith, J.—Criminal Possession Weapon, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK R. RUSS, Appellant. [632 NYS2d 350] —Judgment unanimously affirmed. Memorandum: Defendant's appeal from a judgment convicting him of criminal possession of a controlled substance in the third degree brings up for review a decision denying defendant's motion to suppress crack cocaine found in a car in which defendant was riding. As limited by his brief, the sole contention of defendant is that there was no basis for the stop of the vehicle.

A vehicle stop is lawful provided that there is reasonable suspicion of criminal activity (see, People v Sobotker, 43 NY2d 559; People v Ingle, 36 NY2d 413). Here, the officers had reason to suspect that a passenger, whom they knew and believed to be younger than 21, had made an illegal purchase of alcohol (see generally, Alcoholic Beverage Control Law §§ 65, 65-a, 65-b) and that the alcohol purchased was in the vehicle occupied by three other apparently underage individuals. The officers' observations gave rise to reasonable suspicion justifying the stop of the vehicle. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.