In the Matter of ARTHUR HAWKINS, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State

Department of Correctional Services, Respondent. [639 NYS2d 634] 

 Memorandum: The determination that petitioner violated inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i]), prohibiting the possession of contraband that may be classified as a weapon, is supported by substantial evidence (*see, Matter of Torres v Coughlin*, 213 AD2d 861; *Matter of Mabery v Coughlin*, 168 AD2d 879, *lv denied* 77 NY2d 808; *cf., Matter of Varela v Coughlin*, 203 AD2d 630). The contraband was found under petitioner's locker located in petitioner's cell, an area over which petitioner had control. That evidence "is sufficient to give rise to a reasonable inference of petitioner's possession of the weapon, an inference which is not defeated by the fact that other inmates had access to [that] area" (*Matter of Torres v Coughlin, supra*, at 861; *see, Matter of Mabery v Coughlin, supra*, at 879). Moreover, petitioner's denial of any knowledge of the weapon presented an issue of credibility for the Hearing Officer (*see, Matter of Rouse v Coughlin*, 219 AD2d 858, *lv denied* 87 NY2d 806; *Matter of Torres v Coughlin, supra*). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Murad, J.) Present—Pine, J. P., Wesley, Balio, Davis and Boehm, JJ.