◾ In the Matter of JEFFREY YOUNG, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [642 NYS2d 443] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was found guilty following a tier II disciplinary hearing of violating six disciplinary rules (7 NYCRR 270.2 [B]): failure to comply with a frisk (rule 115.10), refusing to obey a direct order (rule 106.10), assault on staff (rule 100.11), violent conduct (rule 104.11), possession of escape paraphernalia (rule 108.13) and possession of a weapon (rule 113.10). These charges all stemmed from an incident occurring on October 27, 1994, when, after a hand-held metal detector that was waved in the vicinity of petitioner's groin reacted positively after petitioner was observed to be walking in a suspicious manner, correction officers attempted to subject petitioner to a strip search. Petitioner admitted having a weapon on his person but refused to submit to the strip search. Following a violent struggle in which petitioner and one of the correction officers were hurt, petitioner was ultimately subdued. At the hospital, a round of live ammunition, a handcuff key and an encased razor blade were removed from petitioner's anus. Following the denial of petitioner's administrative appeal of the determination of guilt, petitioner commenced this CPLR article 78 proceeding, which was subsequently transferred to this Court.

Upon review of the numerous challenges raised by petitioner in this proceeding, we conclude that the determination must be confirmed. Initially, we reject petitioner's contention that the correction officers lacked probable cause to conduct a strip search and, therefore, acted in violation of the applicable prison rules concerning strip search procedures. Nevertheless, while it is true that petitioner had initially walked through a metal detector without setting it off, a correction officer testified that the detector was unreliable and he routinely subjected inmates who appeared to be acting suspiciously to a hand-held metal detector search. Notably, the facility directive in question does not indicate that probable cause is necessary to utilize a metal detector and petitioner does not deny that the hand-held device reacted positively.

Next, we have examined petitioner's claim that he was not provided with certain requested documents and photographic evidence and find that these assertions are either not borne out by the record or do not involve the implication of any of petitioner's constitutional rights (cf., Matter of Dumpson v Mann, 225 AD2d 809). Although petitioner maintains that he was improperly denied copies of notes taken by the physician who examined him, the record indicates that the existence of these notes was revealed for the first time at the hearing and

the Hearing Officer thereafter provided petitioner with copies of the notes. Additionally, even if petitioner is correct in his contention that certain copies of photographs provided to him were too dark to read properly, we note that the content of these injury photographs did not relate to petitioner's defense that he was framed by correction officers; therefore, any error was harmless (*see, supra*).

Petitioner's remaining contentions have been examined and found to be similarly unpersuasive. Any alleged inconsistencies in witness testimony merely raised issues of credibility for the Hearing Officer to resolve (*see, Matter of Reid v Coughlin*, 221 AD2d 888). We find no evidence in the record to support petitioner's claims of bias or partiality on the part of the Hearing Officer affecting the outcome of the hearing (*Matter of Joyce v Coughlin*, 219 AD2d 777, 778).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.