■ In the Matter of MARLIN HAY, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [645 NYS2d 668] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The determination that petitioner violated inmate rules 113.10 (7 NYCRR 270.1 [B] [14] [i]), prohibiting the possession of contraband that may be classified as a weapon, and 116.10 (7 NYCRR 270.2 [B] [17] [i]), prohibiting the destruction of State property, is supported by substantial evidence (*see, Matter of Bryant v Coughlin,* 77 NY2d 642, 647).

The contention of petitioner that there is insufficient evidence that the ripped sheets found inside his "pack up" bag in his cube are not State property is not before us. By failing to raise that issue either in his Tier III hearing or on his administrative appeal, petitioner has failed to exhaust his administrative remedies with respect to it (*see, Matter of Nelson v Coughlin,* 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). In any event, that contention lacks merit.

The contraband, consisting of one blunt and two sharpened metal rods, was found inside a leg of a chair located in petitioner's cube. That evidence "is sufficient to give rise to a reasonable inference of petitioner's possession of [contraband that may be classified as weapons], an inference which is not defeated by the fact that other inmates had access to [that] area" (*Matter of Torres v Coughlin,* 213 AD2d 861; *see, Matter of Hawkins v Coombe,* 225 AD2d 1095). Petitioner's denial of any knowledge of either the contraband or the ripped sheets presented an issue of credibility for the Hearing Officer (*see, Matter of Hawkins v Coombe, supra; Matter of Rouse v Coughlin,* 219 AD2d 858, *lv denied* 87 NY2d 806). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Lawton, J. P., Wesley, Doerr, Davis and Boehm, JJ.