■ In the Matter of PAUL MITCHELL, JR., Petitioner, v PHILIP COOMBE, JR., as Commissioner of Correctional Services, et al., Respondents. [655 NYS2d 685] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

As a result of a nine-inch broken broom handle being found in the leg of petitioner's bed, petitioner was charged with, and found guilty of, possession of a weapon "by description, use or appearance". Petitioner contends that the determination is not supported by substantial evidence because it was not established that the broom handle was in his possession. However, as the broom handle was found in petitioner's cell, a reasonable inference may be drawn that he possessed it (see, *Matter of Hay v Coombe*, 229 AD2d 1015, *lv denied* 88 NY2d 816; *Matter of Torres v Coughlin*, 213 AD2d 861). The detailed misbehavior report and the testimony of the correction officer who conducted the search and authored the misbehavior report constitute substantial evidence in support of the determination (see, *Matter of McDowell v Coughlin*, 222 AD2d 915; *Matter of Israel v Leonardo*, 206 AD2d 581). Furthermore, petitioner's contention that lack of evidence that the broom handle was sharpened in any fashion to facilitate its use as a weapon is similarly without merit since even petitioner concedes that a wooden stick could conceivably be used as a weapon. Finally, as substantial evidence supports respondents' determination, petitioner's assertion regarding the failure to produce the broom handle at the hearing is unpersuasive (see, *Matter of Smith v Coughlin*, 111 AD2d 503, 505).

Mikoll, J. P., Mercure, Casey, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.