■ In the Matter of CHARLES MOSLEY, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [662 NYS2d 882] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The misbehavior report, augmented by the testimony of its author, constitutes sufficient evidence to support the determination of respondent that petitioner violated inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i]; *see, Matter of Bryant v Coughlin,* 77 NY2d 642, 647; *Matter of Perez v Wilmot,* 67 NY2d 615, 616; *People ex rel. Vega v Smith,* 66 NY2d 130, 139). The contention of petitioner that he was "set up" by correction officers presented an issue of credibility for the Hearing Officer (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966; *Matter of Young v Coombe,* 227 AD2d 799, 801).

The contention of petitioner that he was entitled to further inquiry into the reliability of a confidential informant is without merit. Although a Hearing Officer may not rely upon hearsay information provided by a confidential source without making an independent determination of the reliability of the information (*see, Matter of Abdur-Raheem v Mann,* 85 NY2d 113), the information provided here was not relevant to the charge. The charge was not based upon the confidential information, but upon the results of the search of petitioner's cube

(*see, Matter of Parker v Laundree*, 234 AD2d 727; *Matter of Shabazz v Coughlin*, 212 AD2d 923). Moreover, the reference of the Hearing Officer to the statement in the misbehavior report regarding the confidential informant's tip does not require annulment in light of the substantial evidence of petitioner's guilt (*see, Matter of Emmons v Selsky*, 238 AD2d 651; *Matter of Gardiner v Senkowski*, 234 AD2d 708; *Matter of Hernandez v Coughlin*, 206 AD2d 578, 579, *appeal dismissed and lv denied* 84 NY2d 1024).

Finally, although it appears that one of the correction officers involved in the search of petitioner's cube did not sign the misbehavior report (*see,* 7 NYCRR 251-3.1 [b]), that omission does not provide a basis for annulment; petitioner has not demonstrated that he was prejudiced thereby (*see, Matter of Bolling v Coombe*, 234 AD2d 730; *Matter of Smith v Walker*, 209 AD2d 799, 800, *lv denied* 85 NY2d 807). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Lawton, Hayes, Callahan and Boehm, JJ.