Probation.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.

■ In the Matter of LEONARD HOOPER, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [670 NYS2d 161] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The detailed misbehavior report authored by a correction officer who observed the incident and cosigned by another correction officer, together with the testimony of petitioner and three correction officers at the disciplinary hearing, constitutes substantial evidence to support respondent's determination that petitioner violated inmate rule 113.12 (7 NYCRR 270.2 [B] [14] [iii]), prohibiting possession of a controlled substance (see, Matter of Foster v Coughlin, 76 NY2d 964, 966; Matter of Rouse v Coughlin, 219 AD2d 858, lv denied 87 NY2d 806). Petitioner's denial of wrongdoing and assertion that it "defies all logic" to believe that petitioner would have attempted to discard the contraband presented an issue of credibility for the Hearing Officer to resolve (see, Matter of Foster v Coughlin, supra, at 966; Matter of Rouse v Coughlin, supra). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present— Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN C. KIME, Appellant. (Appeal No. 1.) [670 NYS2d 161] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in denying defendant's request for youthful offender status. Because defendant was convicted upon his guilty pleas of three counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]), one of which was an armed felony (CPL 1.20 [41]), he was eligible for youthful offender status only if the court found "mitigating circumstances that bear directly upon the manner in which the crime[s] [were] committed" (CPL 720.10 [3] [i]; [2] [a] [ii]). The court found no such circumstances (see, People v Smalls, 219 AD2d 865). Nor does the record support defendant's contention that, in imposing the same sentences for all codefendants, the court failed to take into consideration the individual circumstances of this defendant. The sentences are neither unduly harsh nor severe, and we decline to exercise our power to modify the sentences as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [b]). (Appeal from Judgment of Erie County Court, DiTullio, J.—Robbery, 2nd Degree.) Present— Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN C. KIME, Appellant. (Appeal No. 2.) [670 NYS2d 650]

—Judgment unanimously affirmed. Same Memorandum as in *People v Kime* (248 AD2d 987 [decided herewith]). (Appeal from Judgment of Erie County Court, DiTullio, J.—Robbery, 2nd Degree.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY AVERY, Appellant. [670 NYS2d 162] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: Supreme Court abused its discretion in sentencing defendant pursuant to its inflexible sentencing policy with regard to probation violators (*see, People v Nicholson*, 237 AD2d 973, *lv denied* 90 NY2d 908). We reject the contention of defendant, however, that the matter should be remitted to a different Justice for resentencing. We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Violation of Probation.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. SEAGRAVE, Appellant. [670 NYS2d 650] —Judgment unanimously affirmed (*see, People v Saunders*, 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Sodomy, 1st Degree.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC TOLLIVER, Appellant. [670 NYS2d 130] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03). The record does not support the contention that defendant was deprived of a fair trial by his appearance before the jury in clothing issued by the jail (*see, People v Tolliver*, 217 AD2d 978, *lv denied* 86 NY2d 847). In denying defendant's request at the beginning of trial to appear in clothing other than jail-issued clothing, County Court noted that the clothing was not identifiable as jail garb. Defense counsel did not contend otherwise, nor is there any contradictory evidence in the record.

The contention of defendant that he was deprived of a fair trial by prosecutorial misconduct on summation is not preserved for our review (*see,* CPL 470.05 [2]; *People v Weaver,*