■ In the Matter of WILLIAM RUGER, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [676 NYS2d 377] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The written misbehavior report, together with the testimony of its author and the photograph of the weapon found, constitutes substantial evidence to support the determination that petitioner violated inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i]; *see, Matter of Bryant v Coughlin,* 77 NY2d 642, 647; *Matter of Perez v Wilmot,* 67 NY2d 615, 616; *Matter of Mosley v Goord,* 242 AD2d 906). The contraband was found behind a wall molding in petitioner's cell, an area over which petitioner had control. The presence of a weapon in an inmate's cell may give rise to a reasonable inference that the inmate knowingly possessed the weapon, even if others also had access to the area (*see, Matter of Hawkins v Coombe,* 225 AD2d 1095, 1096; *see also, Matter of Polite v Goord,* 248 AD2d 1017; *Matter of Torres v Coughlin,* 213 AD2d 861). "[P]etitioner's denial of any knowledge of the weapon presented an issue of credibility for the Hearing Officer" (*Matter of Hawkins v Coombe, supra,* at 1096; *see, Matter of Young v Coombe,* 227 AD2d 799, 801; *Matter of Stoll v Coughlin,* 173 AD2d 998). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Hayes, Pigott, Jr., Balio and Fallon, JJ.