LEON WRIGHT, Appellant, v SAEED DELI & GROCERY et al., Respondents. (Appeal No. 1.) [715 NYS2d 200] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Smith, J.—Set Aside Verdict.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.

 LEON WRIGHT, Appellant, v SAEED DELI & GROCERY et al., Respondents. (Appeal No. 2.) [713 NYS2d 639] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion to set aside the jury verdict in favor of defendants. "A motion to set aside a jury verdict of no cause of action should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any

fair interpretation of the evidence" (*Dannick v County of Onondaga,* 191 AD2d 963, 964; *see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499). Plaintiff testified that he fell inside defendant store when he slipped on water and ice and his foot became caught in a hole in the floor. An eyewitness testified for defendants, however, that plaintiff slipped and fell outside on the street or sidewalk rather than inside the store, and that a friend then carried plaintiff inside the store, out of the snow and cold, to await an ambulance. The credibility of those witnesses was for the jury to determine (*see, Gray v McParland,* 255 AD2d 359) and, given the conflicting testimony, "the jury reasonably determined that plaintiff had failed to prove that defendant[s] w[ere] negligent" (*Bounds v Western Regional Off Track Betting Corp.,* 256 AD2d 1165; *see, Cone v Williams* [appeal No. 1], 182 AD2d 1102, *lv denied* 80 NY2d 758).

Plaintiff contends that the court erred in admitting in evidence a police record containing plaintiff's criminal history. The court, however, reversed itself and determined that the police record was inadmissible. In any event, any error is harmless because plaintiff admitted during cross-examination that he committed the criminal offenses set forth therein.

Plaintiff further contends that the court erred in its charge to the jury. We disagree. The jury concluded that defendants were not negligent, and thus they never reached the issue of comparative negligence (*see, Prunchak v Palumbo,* 219 AD2d 858). Plaintiff's remaining contentions concerning the court's charge are not preserved for our review (*see, Prunchak v Palumbo, supra*), and are without merit in any event.

The court properly precluded plaintiff from questioning an insurance representative concerning a payment to plaintiff for medical expenses (*see,* CPLR 4547; *Sobie v Katz Constr. Corp.,* 189 AD2d 49, 54). The court also properly precluded plaintiff from presenting proof of remedial measures taken by defendants following the incident as evidence of negligence (*see, Perazone v Sears, Roebuck & Co.,* 128 AD2d 15, 17; *see also, Cleland v 60-02 Woodside Corp.,* 221 AD2d 307, 308; *Heyden v Gallagher El. Co.,* 94 AD2d 936, 937). We have considered plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Smith, J.—Negligence.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.