Matter of Livingston v Annucci (2023 NY Slip Op 06634)

Matter of Livingston v Annucci

2023 NY Slip Op 06634

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND DELCONTE, JJ.

874 TP 23-00715

[*1]IN THE MATTER OF JAMES LIVINGSTON, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SEAN P. MIX OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered April 17, 2023) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various incarcerated individual rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated incarcerated individual rules 113.10 (7 NYCRR 270.2 [B] [14] [i] [weapon possession]), 113.11 (7 NYCRR 270.2 [B] [14] [ii] [altered item possession]), 113.23 (7 NYCRR 270.2 [B] [14] [xiii] [contraband possession]) and 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]). Contrary to petitioner's contention, the misbehavior report, "to/from memorandum," and testimony at the hearing constitute substantial evidence to support the determination that he violated those rules (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Matter of Edwards v Annucci, 199 AD3d 1433, 1433 [4th Dept 2021]). Although petitioner did not have exclusive access to the areas where the contraband and weapon were found, a reasonable inference of possession arises from the fact that the contraband, found in an area in which petitioner worked, and the weapon, found in the cube next to petitioner's cube, were located in areas over which petitioner had control (see Matter of Lee v Goord, 244 AD2d 969, 970 [4th Dept 1997]; Matter of Hay v Coombe, 229 AD2d 1015, 1015 [4th Dept 1996], lv denied 88 NY2d 816 [1996]). Furthermore, petitioner's assertion that another inmate may have been responsible for the contraband and weapon or that an officer set him up presented credibility issues for the Hearing Officer to resolve (see Lee, 244 AD2d at 970).
We have considered petitioner's remaining contention and conclude that it is without merit.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court