Matter of Derby v Annucci (2024 NY Slip Op 02415)

Matter of Derby v Annucci

2024 NY Slip Op 02415

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

168 TP 23-01589

[*1]IN THE MATTER OF MICHAEL DERBY, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered September 18, 2023) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various incarcerated individual rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul that part of a determination, following a tier III disciplinary hearing, that he violated incarcerated individual rule 113.23 (7 NYCRR 270.2 [B] [14] [xiii] [contraband]). Contrary to petitioner's contention, the misbehavior report and testimony at the hearing constitute substantial evidence to support the determination that he violated that rule by possessing cellophane (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Matter of Livingston v Annucci, 222 AD3d 1391, 1392 [4th Dept 2023]). Any conflicting testimony from petitioner and the other individual witnesses merely presented credibility issues for the Hearing Officer to resolve (see Foster, 76 NY2d at 966; Matter of Delgado v Annucci, 221 AD3d 1512, 1513 [4th Dept 2023]).
Petitioner next contends that there was not substantial evidence that he possessed contraband because the rule does not expressly prohibit his possession of the item in question, i.e., cellophane. We reject that contention. Inasmuch as the rule states "that any article not 'specifically authorized' by the facility superintendent, his or her designee, or departmental or local facility rules constitutes contraband . . . , the fact that the cited rule did not expressly prohibit the item[ ] that petitioner was charged with possessing is of no moment" (Matter of McCollum v Fischer, 61 AD3d 1194, 1194 [3d Dept 2009], lv denied 13 NY3d 703 [2009]). We note that petitioner "does not contend that possession of the [cellophane] had been authorized by the Superintendent at this correctional facility" (Matter of Mills v Coombe, 231 AD2d 923, 924 [4th Dept 1996]).
To the extent that petitioner challenges the constitutionality of the rule on the grounds that it is vague and overbroad, we conclude that his challenge is unpreserved for our review (see Matter of Bottom v Annucci, 26 NY3d 983, 985 [2015]; Matter of Rosa v Fischer, 87 AD3d 1252, 1253 [3d Dept 2011], lv denied 19 NY3d 802 [2012]). We lack the discretionary authority to reach that issue (see Matter of Cornell v Annucci, 173 AD3d 1760, 1761 [4th Dept 2019]; see generally Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
Finally, petitioner contends that the penalty imposed is excessive. Inasmuch as he failed [*2]to raise that contention in his administrative appeal, he " 'failed to exhaust his administrative remedies[,] and this Court has no discretionary power to reach that issue' " (Matter of Jay v Fischer, 118 AD3d 1364, 1364 [4th Dept 2014], appeal dismissed 24 NY3d 975 [2014]; see Matter of Inesti v Rizzo, 155 AD3d 1581, 1583 [4th Dept 2017]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court