■ In the Matter of ALBERTO VARELA, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents. [610 NYS2d 103] —Casey, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Based upon a misbehavior report alleging that a piece of metal was found in a bed leg during a routine search of petitioner's cell, petitioner was found guilty of possessing a weapon. Petitioner contends that the determination is not supported by substantial evidence. We agree.

Respondent Commissioner of Correctional Services is, of course, permitted to draw reasonable inferences from the evidence *(see, e.g., Matter of Rogers v Mitchell,* 194 AD2d 1059, 1060, *lv denied* 82 NY2d 658; *Matter of Williams v Coughlin,* 190 AD2d 883, 885, *lv denied* 82 NY2d 651), and the fact that a weapon is found in an inmate's cell can give rise to an inference of impropriety *(see, e.g., Matter of Stoll v Coughlin,* 173 AD2d 998), an inference which has been described as " 'virtually irresistible' " *(Matter of Hernandez v LeFevre,* 150 AD2d 954, 955, *lv denied* 74 NY2d 615). The inference arises out of the inmate's control over the area and the things in it, so that the inference extends to an inmate's locker, but not an unlocked storage area separate and apart from the locker *(Matter of Trudo v LeFevre,* 122 AD2d 319, 320). An inference of impropriety was permitted when a weapon was found in an inmate's coat at a work station within the inmate's control *(Matter of Mabery v Coughlin,* 168 AD2d 879, *lv denied* 77 NY2d 808), but no inference of impropriety could be drawn from the mere presence of a gun in a package which was addressed to an inmate and was brought into the facility by a visitor *(Matter of Sanchez v Coughlin,* 132 AD2d 896, 898).

It is undisputed that petitioner had been transferred to the facility only a few days before the weapon was discovered. He was in the cell for no more than six days and apparently he was keeplocked for some of that time. There is no evidence in the record that the cell was searched after its former occupant was moved out and before petitioner was moved in. Nor is there any evidence that petitioner could have brought the weapon into the facility with him when he was transferred or that he had the opportunity to acquire a weapon during the brief period that was not keeplocked after he was placed in the cell. Nor is there any evidence that petitioner was aware of the weapon's presence in his cell. In view of the brief period of time that petitioner was in control of the cell, we conclude

that the fact that a weapon was found hidden in a bed leg in the cell is insufficient to give rise to a reasonable inference that petitioner possessed the weapon in the absence of some other evidence which would support such an inference.

Cardona, P. J., Crew III, Weiss and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to the proceeding from petitioner's records.