■ In the Matter of Roy TARBELL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [693 NYS2d 262] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

The misbehavior report and corroborating testimony presented at the hearing provide substantial evidence to support the determination finding petitioner guilty of violating the prison disciplinary rule that prohibits inmates from possessing weapons (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). The record reveals that a hand-made plexiglass knife was

found hidden in the locking mechanism above petitioner's cell. That petitioner did not have exclusive control of the area where the weapon was found is insufficient to defeat the inference of possession by petitioner (*see, Matter of Fernandez v Stinson*, 251 AD2d 887, 888). Furthermore, as petitioner had been in the cell for over two weeks and testimony established that the appearance of the weapon indicated that it had recently been placed in the locking mechanism (i.e., there was no dust on the weapon), this constitutes further evidence supporting the inference that petitioner was in possession of the weapon (*see, Matter of Torres v Coughlin*, 213 AD2d 861), notwithstanding the fact that the cell had not been searched prior to petitioner moving in (*cf., Matter of Varela v Coughlin*, 203 AD2d 630).

Petitioner also contends that he was denied his due process rights to a fair hearing because the Hearing Officer investigated the incident and became a witness thereto. The record reveals that the Hearing Officer went to petitioner's cell in order to observe where the weapon was found, as he had difficulty conceptualizing the locking mechanism, and immediately reported his observation upon reconvening the hearing. Under these circumstances, we do not find that the Hearing Officer was precluded from continuing to preside at the hearing (*see*, 7 NYCRR 253.1) or that the outcome of the hearing flowed from any alleged bias (*see generally, Matter of Perez v Coombe*, 232 AD2d 702).

We have reviewed petitioner's remaining contentions, including his claims of Hearing Officer bias and that he was improperly denied the right to call a witness, and find them to be unpersuasive.

Cardona, P. J., Mikoll, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.