■ In the Matter of LAM TRANG, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [728 NYS2d 202] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a prison disciplinary hearing conducted in December 1999, petitioner was found guilty of possessing contraband and a penalty was imposed. Thereafter, in April 2000, another hearing was held, at the conclusion of which petitioner was found guilty of other misconduct arising out of the discovery of a burned area on a bench seat in his cell.

Petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the two determinations finding petitioner guilty of violating certain prison disciplinary rules.

The various arguments raised by petitioner on review do not warrant extended discussion. The detailed misbehavior report authored by the correction officer who searched petitioner's cell and discovered the contraband provides substantial evidence to support the determination of guilt made following petitioner's first disciplinary hearing (*see, Matter of Francois v Goord*, 275 AD2d 852; *Matter of Motzer v Goord*, 273 AD2d 559). Regardless of whether petitioner's cell was searched when its former occupant was transferred, petitioner's admission that he had occupied the cell for two to three weeks prior to the search and the corresponding absence of any evidence that petitioner was keeplocked during that time permitted respondent to draw the reasonable inference that petitioner possessed the contraband (*see, Matter of Torres v Coughlin*, 213 AD2d 861; *see also, Matter of Tarbell v Goord*, 263 AD2d 563, 564).

We also reject petitioner's challenge to the timeliness of the first hearing. Inasmuch as the day that the misbehavior report was written and petitioner first was confined is excluded for the purposes of the limitation periods specified in 7 NYCRR 251-5.1 (*see*, General Construction Law § 20; *see also, Matter of Harris v Goord*, 268 AD2d 933, 934), the hearing was timely commenced and completed. Nor do we find any support in the record for petitioner's claims of inadequate employee assistance and the denial of certain witnesses and documents. To the extent that the requested documents existed, it appears that petitioner was provided with all of the relevant materials that he requested from either the assistant or the Hearing Officer. With regard to witnesses, petitioner requested only the author of the misbehavior report, a request he later withdrew at the hearing, and the Hearing Officer was not obligated to call witnesses and present petitioner's case (*see, Matter of Cowart v Selsky*, 260 AD2d 883, 884). The remainder of petitioner's contentions, including his claims of Hearing Officer bias and excessive penalty, have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.