■ In the Matter of SEAN PRICE, Petitioner, v WILLIAM PHILLIPS et al., Respondents. [770 NYS2d 882]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated June 11, 2002, which affirmed a determination of a hearing officer dated April 15, 2002, made after a Tier III disciplinary hearing, finding the petitioner guilty, inter alia, of violating prison disciplinary rules prohibiting the possession of a controlled substance and the unauthorized possession of money, and, inter alia, imposing a penalty of forfeiture of three months' good-time credit.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is modified to the extent that the findings that the petitioner was guilty of violating prison disciplinary rules prohibiting the possession of a controlled substance and the unauthorized possession of money are annulled, those charges are dismissed, the respondents are directed to expunge those charges from the petitioner's institutional record, and the penalty of forfeiture of three months' good time is vacated; as so modified, the determination is otherwise confirmed, and the matter is remitted to the respondents to determine the amount of loss of good time credit, if any, which should be imposed for the remaining findings of guilt.

A prison disciplinary determination must be supported by substantial evidence. In order to sustain a determination of guilt, a court must find that the disciplinary authorities offered "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *see People ex rel. Vega v Smith,* 66 NY2d 130, 139 [1985]). As the respondents correctly concede, there is insufficient evidence to support the charges of violating prison disciplinary rules prohibiting the possession of a controlled substance and the unauthorized possession of money. While both items were found in a pilaster that was adjacent to the petitioner's cell and was accessible to him, the pilaster was also accessible to other inmates on the cell block, and there is insufficient evidence in the record to demonstrate that the hearing officer could connect the petitioner to the contraband items, or that the petitioner substantially controlled the area in question (*see Matter of Davis v Coombe,* 236 AD2d 891 [1997]; *Matter of Varela v Coughlin,* 203 AD2d 630 [1994]; *Matter of Trudo v LeFevre,* 122 AD2d 319 [1986]).

As the petitioner does not raise any issue with respect to the remainder of the respondents' determination, it is confirmed. Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.