In the Matter of BERNARD JOHNSON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [776 NYS2d 639]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rule that prohibits the possession of a weapon after a 7$\frac{1}{2}$-inch sharpened weapon was found secreted in a vent hole in petitioner's locker. Although petitioner argues that the cell was not searched in accordance with departmental directives when he moved into it 5$\frac{1}{2}$ months earlier, this is insufficient to overcome the reasonable inference of possession which arises from the fact that the weapon was discovered in an area within petitioner's control (*see Matter of Colon v Goord*, 274 AD2d 732 [2000]; *Matter of Tarbell v Goord*, 263 AD2d 563, 563-564 [1999]), particularly given the length of time that petitioner was living in the cell (*see Matter of Torres v Coughlin*, 213 AD2d 861 [1995]; *cf. Matter of Varela v Coughlin*, 203 AD2d 630 [1994]). This inference, together with the misbehavior report and testimony from the correction officer who authored the report indicating that the tape covering the vent hole was in good condition, provide substantial evidence of petitioner's guilt (*see Matter of Shackleford v Goord*, 3 AD3d 622 [2004]). Furthermore, contrary to petitioner's assertion, petitioner's prior disciplinary record was considered in imposing the penalty and not in determining his guilt (*see Matter of Amaker v Senkowski*, 278 AD2d 622 [2000], *lv denied* 96 NY2d 707 [2001]).

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.