■ In the Matter of Luis Vasquez, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [787 NYS2d 909]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of tattooing a fellow inmate in violation of a prison disciplinary rule. Despite the absence of any tattooing paraphernalia found in petitioner's cell, the misbehavior report, hearing testimony and confidential information provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Harris v Selsky*, 9 AD3d 695 [2004]; *Matter of Petty v Selsky*, 289 AD2d 859, 860 [2001], *lv denied* 98 NY2d 602 [2002]). We are unpersuaded by petitioner's contention that the Hearing Officer, who personally interviewed the confidential informant, failed to assess the reliability and credibility of the information provided (*see Matter of Harris v Selsky, supra*; *Matter of Moore v Miller*, 298 AD2d 776, 777 [2002]). Petitioner's denial of the charge and supporting testimony from the inmate tattooed created a credibility issue for the Hearing Officer to resolve (*see Matter of Mannings v Selsky*, 296 AD2d 751 [2002]).

Petitioner's challenge to the timeliness of the hearing is also without merit. The day the misbehavior report is written and an inmate is confined is excluded when calculating the limitations period of 7 NYCRR 251-5.1 (*see* General Construction Law § 20; *see also Matter of Trang v Goord*, 283 AD2d 816, 817 [2001]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.