■ In the Matter of JOHNNIE BUNTING, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [809 NYS2d 588]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting possession of a weapon after a search of his cell uncovered a small piece of sharpened metal wrapped in tape hidden in a crack in the cell wall. Following a disciplinary hearing, petitioner was found guilty and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We are unpersuaded by petitioner's contention that because his cell was not searched prior to him moving in, the determination must be annulled. Inasmuch as the weapon was found

within petitioner's cell which he had occupied for over a month, an inference of possession arises (*see Matter of Shackleford v Goord*, 3 AD3d 622, 623 [2004]; *Matter of Lam Trang v Goord*, 283 AD2d 816, 817 [2001]; *Matter of Valdes v Selsky*, 269 AD2d 710, 710-711 [2000]). This inference, together with the misbehavior report and corroborating testimony from the correction officer who discovered the weapon, provides substantial evidence to support the determination of guilt (*see Matter of Shackleford v Goord, supra* at 623; *Matter of Francois v Goord*, 275 AD2d 852 [2000]). To the extent that petitioner was denied a photograph of the weapon, he has established no prejudice therefrom inasmuch as he was shown the weapon at the time that it was found in his cell and it was described in detail in the misbehavior report (*see e.g. Matter of Reed v Selsky*, 9 AD3d 710, 711 [2004], *lv denied* 3 NY3d 611 [2004]; *Matter of Folk v Goord*, 307 AD2d 500, 501 [2003]). Although petitioner requested the photograph, in part, to establish that it was too small to constitute a weapon, it was within the province of the Hearing Officer, who personally viewed the weapon, to reject such a defense (*see Matter of Camacho v Goord*, 18 AD3d 1046, 1047 [2005]). Finally, the record establishes that petitioner was afforded a fair and impartial hearing and that the determination resulted from the evidence presented and not from any alleged bias on the part of the Hearing Officer (*see Matter of Jackson v Goord*, 18 AD3d 973, 974 [2005], *lv denied* 5 NY3d 713 [2005]; *Matter of Perkins v Goord*, 290 AD2d 700, 701 [2002]).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.