▆ In the Matter of LARRY DAVIS, Petitioner, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, Respondent. [820 NYS2d 866]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with engaging in an unauthorized exchange of property after a correction officer observed him throw a magazine down the gallery where it

was eventually intercepted by another inmate. He was found guilty of the charge following a tier II disciplinary hearing and a penalty of 14 days' loss of recreation was imposed. On December 14, 2004, the determination was affirmed on administrative appeal. Petitioner was subsequently charged in a second misbehavior report with refusing a direct order and violating facility movement regulations after he refused to come out of his cell for his mandatory law library call out. He was found guilty of these charges following another tier II disciplinary hearing and, on January 11, 2005, this determination was also affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging both determinations.

Since the commencement of this proceeding, the January 11, 2005 determination has been reversed and expunged from petitioner's institutional record. Given that petitioner has been afforded all the relief to which he is entitled, his challenge to this determination must be dismissed as moot (*see Matter of Larkins v Goord*, 24 AD3d 1077, 1078 [2005]). Turning to the determination finding petitioner guilty of engaging in an unauthorized exchange, the misbehavior report, together with the hearing testimony, provide substantial evidence supporting this determination (*see Matter of Mendez v Goord*, 21 AD3d 1191 [2005]; *Matter of Sanders v Goord*, 275 AD2d 842, 843 [2000]). Contrary to petitioner's claim, the record does not reveal that the Hearing Officer was biased or that the determination at issue flowed from any alleged bias (*see Matter of Boatwright v McGinnis*, 24 AD3d 1136, 1137 [2005]). Furthermore, the penalty imposed was not excessive and the Hearing Officer properly considered petitioner's disciplinary record only for the purpose of fashioning it (*see Matter of Johnson v Goord*, 7 AD3d 901, 902 [2004]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the December 14, 2004 determination is confirmed, without costs, and petition dismissed to that extent. Adjudged that the part of the petition challenging the January 11, 2005 determination is dismissed, as moot, without costs.