■ In the Matter of RICHARD GANZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [823 NYS2d 582]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As part of intensive cleaning of the block in the correctional facility where petitioner was housed, all of the inmates' furniture was removed from their cubes and placed in a common area. After the floors were stripped and waxed, the inmates moved the furniture back into the cubes. Petitioner resided alone in a double-bunked cube. Petitioner's locked locker was returned to his cube along with an empty locker. The empty lockers were not numbered or labeled so as to assure that the lockers were returned to the same cubes from which they were removed. The day after the cleanup, correction officers searching petitioner's cube found a razor blade taped underneath the empty locker. A misbehavior report charged petitioner with possessing a weapon and possessing contraband. He was found guilty of these charges and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner contends that the determination is not supported by substantial evidence. We agree. While a strong inference of possession arises as to items found in an inmate's cell or an area over which an inmate has control, even if the inmate did not have exclusive control over the area (see Matter of Tarbell v Goord, 263 AD2d 563, 564 [1999]), that inference is not absolute. The inference cannot support the determination here. Petitioner denied knowledge of the weapon, all 60 inmates in petitioner's block had access to the empty locker while it was out of his cube, the locker was only moved into his cube the night before the weapon was found, there is no proof in the record that the lockers were searched prior to their return to the cubes, and there is no proof that the unmarked empty locker returned to petitioner was the same locker removed from his cube. Under the circumstances, the weapon could have been attached to the locker prior to or when it was moved into petitioner's cube (compare Matter of Varela v Coughlin, 203 AD2d 630 [1994]). We thus annul the determination, as it was not supported by substantial evidence.

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record.