■ LUIS SIERRA, Petitioner, v NYC DEPARTMENT OF CORRECTION, WARDEN, RIKERS ISLAND CORRECTION FACILITY, Respondent. [853 NYS2d 80]—

The hearing officer's determination is supported by substantial evidence, including the misbehavior report and hearing testimony. It is undisputed that a correction officer saw an object in a vent in petitioner's cell, which was pushed so far back the officer was unable to retrieve it. That the officer was ultimately able to retrieve the weapon from the back end of the vent in the locked closet next door to petitioner's cell does not undermine the finding that the contraband was secreted within petitioner's control, especially since there was a clothesline attached to it (*see Matter of Tarbell v Goord*, 263 AD2d 563 [1999]). The fact that inmates had no access to the locked closet further supports a reasonable inference that the contraband was secreted from within petitioner's cell, and that the clothesline was attached to make it retrievable by the person occupying the cell. Under the circumstances, it is unavailing that the officer was able to ac-

cess the weapon from the locked closet rather than from petitioner's cell, particularly since it is clear that he had no prior knowledge of the nature of the object, nor would he have been aware how it was placed in the vent. Concur—Mazzarelli, J.P., Saxe, Friedman and Nardelli, JJ.