■ In the Matter of JOSEPH GRIFFITH, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [862 NYS2d 622]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit assaulting another inmate, possessing a weapon and engaging in violent conduct. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty of all charges and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination of guilt.

We confirm. Contrary to petitioner's assertion, the misbehavior report, the hearing testimony and the confidential testimony received in camera provide substantial evidence of petitioner's guilt (see Matter of Dukes v Goord, 16 AD3d 747, 747 [2005]; Matter of Vasquez v Goord, 14 AD3d 903, 904 [2005]). Although petitioner and the victim each denied that petitioner played any role in the attack, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Vassell v Goord, 26 AD3d 547, 547-548 [2006]; Matter of Vasquez v Goord, 14 AD3d at 904). To the extent that petitioner suggests that the Hearing Officer failed to make an independent assessment of the confidential testimony, we find such claim to be lacking in merit. Equally unpersuasive is petitioner's contention that the Hearing Officer erred in continuing the hearing in petitioner's absence, as the record reflects that "the Hearing Officer took the necessary steps to ascertain the legitimacy of petitioner's refusal [to attend the remainder of the hearing] by questioning the officer[ ] present at the time" (Matter of Tafari v Selsky, 31 AD3d 1087, 1088 [2006], lv denied 7 NY3d 717 [2006]; see Matter of Morris v Goord, 50 AD3d 1327, 1327 [2008]).

Mercure, J.P., Peters, Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.