■ In the Matter of RAYMOND JIMENEZ, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [927 NYS2d 804]—

During an inspection of petitioner's cell door track, a correction officer discovered a sharpened, flat piece of metal with a plastic handle. Petitioner was charged in a misbehavior report with possession of a weapon. Following a tier III disciplinary hearing, petitioner was found guilty of the charge and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Even if, as petitioner contends, the area in which the weapon was found could be accessed from outside his cell, it was an area within his control and occupied by him for seven months, giving rise to an inference that the weapon belonged to him (see Matter of Rogers v Bezio, 67 AD3d 1100, 1101 [2009]; Matter of Hammond v Selsky, 28 AD3d 1000, 1000 [2006]; Matter of Bunting v Goord, 25 AD3d 845, 845-846 [2006]; Matter of Shackleford v Goord, 3 AD3d 622, 623 [2004]). This inference, the misbehavior report and the testimony of the authoring correction officer provide substantial evidence to support the determination of guilt (see Matter of Hammond v Selsky, 28 AD3d at 1000; Matter of Bunting v Goord, 25 AD3d at 846; Matter of Shackleford v Goord, 3 AD3d at 623). Petitioner's assertion that the weapon could have been placed in the door track by another inmate or may have already been in the door track at the time he moved into the cell presented a credibility issue for resolution by the Hearing Officer (see Matter of Rogers v Bezio, 67 AD3d at 1101; Matter of Wade v Artus, 59 AD3d 793, 794 [2009], appeal dismissed 12 NY3d 872 [2009]).

Mercure, J.P., Peters, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.