■ In the Matter of CEDRIC TURNER, Petitioner, v BRIAN FISCHER, Commissioner of Department of Correctional Services, Respondent. [943 NYS2d 755]—Proceeding pursuant to CPLR article 78 to review a determination of Norman R. Bezio, Director of Special Housing/Inmate Disciplinary Program, on behalf of Brian Fischer, as Commissioner of the New York State Department of Correctional Services, dated January 15, 2010, which affirmed a determination of a hearing officer dated November 12, 2009, made after a tier III disciplinary hearing, finding that the petitioner violated prison rule 113.10 (7 NYCRR 270.2 [B] [14] [i]) by possessing contraband classified as a weapon, and imposing a penalty.

Adjudged that the determination is confirmed, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.

The possibility that "the weapon [in question] could have been placed in the [petitioner's cell] door track by another inmate" (*Matter of Jimenez v Fischer*, 87 AD3d 771, 771 [2011]) did not negate the existence of substantial evidence to support the determination that the petitioner violated prison rule 113.10 (7 NYCRR 270.2 [B] [14] [i]) by possessing contraband classified as a weapon (*id.*; *see Matter of Daughtry v Bezio*, 84 AD3d 1623 [2011]; *Matter of McEwen v Goord*, 32 AD3d 1116 [2006]; *Matter of Hammond v Selsky*, 28 AD3d 1000 [2006]; *Matter of Shackleford v Goord*, 3 AD3d 622 [2004]; *Matter of Nieves v Goord*, 2 AD3d 1173 [2003]; *cf. Matter of Price v Phillips*, 4 AD3d 364 [2004]).

The petitioner's remaining contentions are without merit. Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.