■ In the Matter of JOSEPH DUSHOCK, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [949 NYS2d 802]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged with a disciplinary

infraction after a search of his cube resulted in the discovery of a weapon. Petitioner was found guilty of this charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

Because we find that the determination was not supported by substantial evidence, we annul. In his cube—which was shared by five other inmates—the weapon—a metal rod with a taped handle that was sharpened at one end—was found concealed in a pillow case between two lockers that were stacked on top of each other and held together by a strap, which had been cut and altered. Petitioner's locker was on top, and the bottom locker, upon which the pillow case was located, belonged to another inmate who occupied the cube. Petitioner was one of six inmates who had access to this area and exercised control over it. Also, the locker upon which the weapon was located did not belong to petitioner, but to another inmate who occupied the cube. In that regard, we note that no evidence was introduced eliminating this inmate—or any of the other inmates who occupied the cube—from being responsible for the possession of this contraband. As a result, we do not believe that a reasonable inference can be made that petitioner possessed this contraband simply because he had access to the area where the contraband was found and that it, to some extent, was under his control (*see Matter of Alache v Fischer*, 91 AD3d 1240, 1241 [2012]; *Matter of Crook v Fischer*, 91 AD3d 1076, 1076-1077 [2012]; *Matter of Hayes v Fischer*, 70 AD3d 1085, 1086 [2010]; *Matter of Muller v Fischer*, 62 AD3d 1191, 1191 [2009]; *Matter of Ganz v Selsky*, 34 AD3d 879, 880 [2006]). As a result, the determination was not supported by substantial evidence and must be annulled.

Peters, P.J., Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.