## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   July 21, 2016                     522439

_____

In the Matter of TREVIS L.
    FUNCHES,
                        Petitioner,

        v                                        MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION et al.,
                        Respondents.
_____

Calendar Date:   June 6, 2016

Before:   Lahtinen, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

_____

        Trevis L. Funches, Napanoch, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with possession of contraband and smuggling after a leafy substance wrapped in plastic was found by the correctional facility dentist on the floor next to the dental chair after petitioner had received treatment.  The leafy substance subsequently tested positive for amphetamines and was determined to be synthetic marihuana.  Following a tier III disciplinary hearing, petitioner was found not guilty of smuggling, but guilty of the remaining

charge.  This determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Petitioner contends that the determination is not supported by substantial evidence.  Based upon our review of the record, we agree.  The dentist testified that she found the alleged contraband on the floor, between the dental chair and the cuspidor, after she had treated petitioner.  Although the correction officer who prepared the misbehavior report testified that the dentist informed him that she inspects and cleans her work area between patients, the dentist testified that, while she did not notice the contraband before treating petitioner, she had not cleaned the area around the dental chair prior to that time.  Rather, pursuant to the dentist's testimony, the cleaning of the work area between patients is the responsibility of her assistant, who did not testify.  According to the dentist, she discovered the contraband because petitioner was the last patient scheduled that day and she was cleaning up the floor after he left.  Although the dentist testified that petitioner was her last patient, there was no evidence presented as to how many other inmates were treated that day or when the area was last cleaned prior to the discovery of the contraband.  In our view, the possibility that another inmate who was treated prior to petitioner that day was actually responsible for possessing the contraband cannot be eliminated.  As such, we conclude that a reasonable inference cannot be made that petitioner possessed the contraband simply because he was the last patient treated before its discovery (see generally Matter of Dushock v Prack, 98 AD3d 777, 778 [2012]; Matter of Ganz v Selsky, 34 AD3d 879, 880 [2006]; cf. Matter of Flores v Fischer, 110 AD3d 1302, 1303 [2013], lv denied 22 NY3d 861 [2014]).  Accordingly, the determination is not supported by substantial evidence and must be annulled.

Lahtinen, J.P., Egan Jr., Rose, Clark and Mulvey, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.

ENTER:

Robert D. Mayberger
Clerk of the Court