State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 1, 2016                  521593
_____

In the Matter of NASER DERTI,
                    Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting          MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

                    _____


        Greenberg Traurig, LLP, Albany (William A. Hurst of
counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating a prison disciplinary rule.

        Prison officials were tipped off that contraband could be
found in petitioner's cell, and the ensuing search recovered a
cellular phone, SIM card and battery secreted inside the steel
channel stock next to his cell gate.  An inmate misbehavior
report was issued and, following a tier III disciplinary hearing,
petitioner was found guilty of possessing contraband.
Petitioner's administrative appeal was unsuccessful, and he
thereafter commenced this CPLR article 78 proceeding.

Substantial evidence does not support the determination and, as such, we annul. The author of the misbehavior report testified as to the difficulty of reaching the hidden cellular phone inside the column and stated that it could only be put there from inside petitioner's cell. Accordingly, while petitioner's cell was often left open and could be accessed by other inmates, the contraband was found in an area so under petitioner's control that a reasonable inference could ordinarily be made that he possessed it (see Matter of Velez v Prack, 122 AD3d 1041, 1041-1042 [2014]; Matter of Turner v Fischer, 95 AD3d 1026, 1026 [2012]; Matter of Jimenez v Fischer, 87 AD3d 771, 771 [2011]).

That being said, the occupant of a nearby cell had occupied petitioner's cell several months prior. Petitioner alleged that the other inmate had already been investigated for possessing a cellular phone and argued that the other inmate could have hidden the contraband in petitioner's cell, either when the other inmate occupied the cell or after he was moved. The disciplinary hearing featured the testimony of the correction officer who investigated petitioner's case and who, far from dispelling those concerns, stated that he had interviewed the other inmate and had not yet determined to whom the phone belonged. Petitioner further requested that the calling records of the cellular phone be considered to aid in identifying who had actually used it, but the Hearing Officer rebuffed that request in conclusory fashion by stating that the records were "confidential" (see Matter of Hillard v Coughlin, 187 AD2d 136, 139-140 [1993], lv denied 82 NY2d 651 [1993]). In our view, the foregoing does not permit "a reasonable inference . . . that petitioner possessed this contraband simply because he had access to the area where the contraband was found and that it, to some extent, was under his control" (Matter of Dushock v Prack, 98 AD3d 777, 778 [2012]; see Matter of Funches v New York State Dept. of Corr. & Community Supervision, 141 AD3d 1006, 1006-1007 [2016]; Matter of Price v Phillips, 4 AD3d 364, 365 [2004]). Thus, in the absence of any proof tying the contraband to petitioner, the determination is not supported by substantial evidence and must be annulled. Petitioner's remaining contentions are academic.

Peters, P.J., Garry, Rose, Devine and Mulvey, JJ., concur.

-3-                                    521593

     ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.

ENTER:

Robert D. Mayberger
Clerk of the Court