*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 2, 2017          523357
_____

In the Matter of CAROLYN
    WARMUS,
                        Petitioner,

        v
                                            MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  November 29, 2016

Before:  Peters, P.J., Rose, Devine, Clark and Aarons, JJ.

                    _____

        Carolyn Warmus, Bedford Hills, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner, an inmate at the Bedford Hills Correctional
Facility in Westchester County, was the chairperson of an
authorized program that was operated by inmates to sell certain
products to other inmates within the correctional facility.
During a search of petitioner's cell, correction officials found
documentation referencing key rings and key numbers relevant to
lockers used in the program.  This prompted correction officials
to conduct a search of the program lockers where they found,
among other things, blank key lock request forms that were

apparently used to initiate locksmith work orders. As a result of this finding, petitioner was charged in a misbehavior report with various disciplinary rule violations. Following a tier III disciplinary hearing, she was found guilty of possessing property in a prohibited area, possessing contraband and smuggling. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Petitioner raises a number of claims, including a challenge to the sufficiency of the evidence supporting the determination of guilt. Significantly, as was established at the hearing, the basis of the finding of guilt of the charges of possessing an article in a prohibited area (see 7 NYCRR 270.2 [B] [14] [xii]), possessing contraband (see 7 NYCRR 270.2 [B] [14] [xiii]) and smuggling (see 7 NYCRR 270.2 [B] [15] [i]) was the discovery of the blank key lock request forms, believed to belong to petitioner, in one of the program lockers. However, the testimony of the program staff supervisor revealed that other inmates, particularly those involved in the program, had, with the assistance of security staff, access to the lockers in question. Notably, there was no testimony from any witnesses who observed petitioner place the forms in the locker and the testimony of the deputy security superintendent, who partially oversaw the program, was unenlightening. Consequently, inasmuch as the evidence does not support the reasonable inference of possession, we conclude that substantial evidence does not support the determination of guilt (see Matter of Funches v New York State Dept. of Corr. & Community Supervision, 141 AD3d 1006, 1007 [2016]; Matter of Dushock v Prack, 98 AD3d 777, 778 [2012]). In view of our disposition, we need not address petitioner's remaining claims.

Peters, P.J., Rose, Devine, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record and restore any loss of good time.


ENTER:

Robert D. Mayberger
Clerk of the Court