Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner, a prison inmate and electrician by trade, was charged in a misbehavior report with tampering with electricity, creating a fire hazard and smoking in an undesignated area. The charges stemmed from an incident wherein a correction officer passing by petitioner’s cell smelled smoke and, upon investigating, observed, among other things, a charred electrical outlet with metal prongs emanating therefrom and a container of ashes. Following a tier II disciplinary hearing, petitioner was found guilty of tampering with electricity and smoking in an undesignated area and not guilty of the remaining charge. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
 

 Petitioner initially contends that he was denied due process when the Hearing Officer, in response to petitioner’s request for an adjournment so that the offending electrical outlet could undergo an inspection, went to petitioner’s cell, observed the charred outlet and reported his observations when the hearing reconvened. Contrary to petitioner’s assertion, such conduct does not violate 7 NYCRR 253.1 (b), which prohibits, among others, any “person who has participated in any investigation of the [charged] acts” from presiding over a related hearing (see Matter of Tarbell v Goord, 263 AD2d 563, 564 [1999]). Notably, there is no indication that the outcome of the hearing flowed from any alleged hearing officer bias (see id. at 564; cf. Matter of Seegars v Goord, 245 AD2d 640, 641 [1997], lv denied 91 NY2d 811 [1998]). Petitioner’s remaining claim—that the determination is not supported by substantial evidence—is also unavailing. The detailed misbehavior report, the testimony of its author and the condition of the outlet itself provide substantial evidence to support respondent’s determination (see Matter of Williams v Annucci, 142 AD3d 1213, 1213 [2016]; Matter of Coleman v Selsky, 40 AD3d 1328, 1328-1329 [2007]).
 

 Peters, P.J., Garry, Rose, Clark and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.