Matter of Carter v Annucci (2018 NY Slip Op 00501)





Matter of Carter v Annucci


2018 NY Slip Op 00501


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

524999

[*1]In the Matter of GERARD CARTER, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: December 13, 2017

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Gerard Carter, Coxsackie, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
During a search of petitioner's cube, a correction officer found a sharpened piece of metal with cloth wrapped around one end as a handle. Petitioner was then charged in a misbehavior report with possessing a weapon. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed upon administrative review, prompting this CPLR article 78 proceeding.
Substantial evidence does not support the determination of guilt and, therefore, we annul. Petitioner denied any knowledge
of the weapon, and the record reflects that he shared the cube with other inmates. The cube was separated by a divider into two living areas, with petitioner and another inmate sharing one side and at least one other inmate housed on the other side. The correction officer who authorized the search, and was present when the weapon was found, testified that the weapon was discovered under the center of the divider. According to the officer, all the inmates housed in the cube had access to that area because the divider was movable and it could be easily lifted. The correction officer who discovered the weapon testified that it was located closer to the side of the divider where petitioner and another inmate were housed and that it would have been more difficult for inmates housed on the other side of the divider to place the weapon there. There is no evidence [*2]in the record to support a finding that petitioner possessed the weapon and, in our view, the evidence presented does not eliminate either the inmates housed on the other side of the divider or the inmate who shared petitioner's side from being responsible for possessing it. Further, under the circumstances presented here, "we do not believe that a reasonable inference can be made that petitioner possessed this contraband simply because he had access to the area where the contraband was found and that it, to some extent, was under his control" (Matter of Dushock v Prack, 98 AD3d 777, 778 [2012]; see Matter of Warmus v Annucci, 147 AD3d 1143, 1144 [2017]; Matter of Derti v Annucci, 145 AD3d 1126, 1127-1128 [2016]). Petitioner's remaining claims are academic.
Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.