Matter of Perez v Annucci (2018 NY Slip Op 01521)





Matter of Perez v Annucci


2018 NY Slip Op 01521


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

524868

[*1]In the Matter of ANTHONY PEREZ, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 23, 2018

Before: Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ.


Anthony Perez, Wallkill, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After petitioner reported that he was having trouble closing the door to his cell, two correction officers responded and were eventually able to get the door closed. One of the officers then discovered a lock pick in the tracking of the door. Petitioner was thereafter charged in a misbehavior report with possessing escape items and possessing contraband. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The penalty imposed was subsequently modified, and the modified determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Petitioner contends that the determination is not supported by substantial evidence. We agree. "While a strong inference of possession arises as to items found in an inmate's cell or an area over which an inmate has control, even if the inmate did not have exclusive control over the area, that inference is not absolute" (Matter of Ganz v Selsky, 34 AD3d 879, 880 [2006]; see Matter of Tarbell v Goord, 263 AD2d 563, 564 [1999]; Matter of Varela v Coughlin, 203 AD2d 630, 631-632 [1994]). The hearing testimony established that, on the day of the incident, petitioner left his cell, which he had occupied for only three weeks, to obtain medical care and the cell door had been working properly at that time. Upon returning to his cell later that day, petitioner was unable to close the cell door, prompting him to inform a correction officer of the malfunctioning cell door and to request assistance from maintenance. Upon further inquiry from [*2]facility staff, petitioner confirmed his request, explaining that he was certain that the cell door was not closing properly, after which the correction officers fixed the cell door and discovered the lock pick in question. The correction officer who served as the facility's locksmith testified that the lock pick did not belong to him and that, because the lock pick was observed to be dirty, the lock pick had probably been in the tracking of the cell door for a while prior to its discovery. The Hearing Officer accepted as true petitioner's testimony that he had initially complained that the cell door would not close and that the door had been opened and closed numerous times without a problem on the day in question. We find significant petitioner's testimony that he alerted facility staff to the malfunctioning door and the locksmith's testimony suggesting that the lock pick had most likely been hidden in the tracking of the cell door for an extended period of time and prior to petitioner's occupation of the cell (compare Matter of Tarbell v Goord, 263 AD2d at 564). In our view, these circumstances do not permit a reasonable inference that petitioner possessed the contraband simply because he might have had access to the area where the contraband was found and that it, to some extent, was under his control (see Matter of Dushock v Prack, 98 AD3d 777, 778 [2012]; Matter of Varela v Coughlin, 203 AD2d at 631-632). Accordingly, the determination was not supported by substantial evidence and must be annulled.
Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.