Matter of Caldara v Annucci (2018 NY Slip Op 02522)





Matter of Caldara v Annucci


2018 NY Slip Op 02522


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

525137

[*1]In the Matter of CHARLES CALDARA, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 2, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Charles Caldara, Elmira, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with making threats, harassment, violating facility correspondence procedures, engaging in violent conduct and refusing a direct order. The charges stem from a facsimile sent to the correctional facility by petitioner's sister along with a card that petitioner had sent to his mother wherein he threatened to kill or have someone kill his sister. As a result, petitioner was issued a negative correspondence notification form directing that he not contact his mother and sister. When a correction
officer approached petitioner to obtain the name of a new emergency contact, petitioner made additional threats of violence against his sister's life. Following a tier III disciplinary hearing, petitioner was found guilty of making threats and violent conduct and not guilty of the remaining charges. On administrative appeal, the penalty was modified but, otherwise, the determination was affirmed. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and the card that petitioner sent to his mother provide substantial evidence to support the determination of guilt (see Matter of Williams v Department of Corr. & Community Supervision, 155 AD3d 1207, 1207 [2017]; Matter of Koehl v Fischer, 52 AD3d 1070, 1071 [2008], appeal dismissed and lv denied 11 NY3d 809 [2008]; [*2]Matter of Alston v Goord, 25 AD3d 852, 852 [2006]). Contrary to petitioner's contention, he was not found guilty of violating the negative correspondence notification form.
We are unpersuaded by petitioner's contention that the Hearing Officer was improperly designated to preside over the hearing. Although the Hearing Officer's name appears on the negative correspondence notification form, there is no indication that he was involved in or investigated the incident (see 7 NYCRR 254.1). Rather, the regulation regarding negative correspondence requires that the Hearing Officer, as a Supervising Offender Rehabilitation Coordinator, be notified of the addition of names to such list (see 7 NYCRR 720.3 [a]). Such tangential involvement is not a basis for disqualification as a hearing officer (see e.g. Matter of Ramos v Venettozzi, 131 AD3d 1309, 1310 [2015], lv denied 26 NY3d 913 [2015]; Matter of Sime v Goord, 30 AD3d 887, 888 [2006], lv denied 7 NY3d 717 [2006]; Matter of Washington v Goord, 245 AD2d 914, 915 [1997]). In any event, the record does not disclose any bias on the part of the Hearing Officer or that the determination flowed from any alleged bias (see Matter of Battle v Pignotti, 155 AD3d 1213, 1213 [2017]; Matter of Turner v Fischer, 100 AD3d 1310, 1311 [2012]). Petitioner's remaining contention regarding his confinement status during the hearing is moot.
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.