Matter of Gallo v Annucci (2018 NY Slip Op 06170)





Matter of Gallo v Annucci


2018 NY Slip Op 06170


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018

526540

[*1]In the Matter of DEREK GALLO, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: August 6, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Derek Gallo, Coxsackie, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was observed exchanging closed-fist punches with another inmate and, after complying with a direct order to stop fighting that inmate, petitioner was seen chasing and swinging a dust broom at a third inmate, before he complied with a direct order to cease such conduct. As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order, assaulting an inmate and possessing a weapon. Following a tier III disciplinary hearing, petitioner was found not guilty of refusing a direct order and guilty of assaulting an inmate and possessing a weapon. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony from the author of that report, together with the related documentary evidence, provide substantial evidence to support the determination of guilt (see Matter of Benson v Selsky, 50 AD3d 1347, 1347 [2008]; Matter of Vidal v Goord, 289 AD2d 759, 760 [2001], lv denied 97 NY2d 612 [2002]). Moreover, contrary to petitioner's contention, an otherwise innocuous object, such as the dust broom at issue here, may properly be considered a weapon or dangerous instrument when, "under the circumstances in which it is used, . . . [it] is readily capable of causing bodily harm" (7 NYCRR 270.2 [B] [14] [i]; see e.g. Matter of Benson v Selsky, 50 AD3d at 1347; Matter of Vidal v Goord, 289 AD2d at 760).
Turning to petitioner's procedural contentions, the misbehavior report was sufficiently specific and provided adequate information to afford petitioner an opportunity to discern his specific role in the incident and to prepare a meaningful defense (see 7 NYCRR 251-3.1 [c]; [*2]Matter of Fernandez v Annucci, 161 AD3d 1431, 1432 [2018]). We further reject petitioner's contention that he was improperly denied access at the hearing to the dust broom in question. Petitioner failed to request photographs or documentation related to the storage of the dust broom at the hearing, and, in any event, the testimony from the author of the misbehavior report adequately described the dust broom and petitioner's use of that object as a weapon (see Matter of Bunting v Goord, 25 AD3d 845, 846 [2006]; cf. Matter of Mallen v Hearing Officer, Great Meadow Correctional Facility, 304 AD2d 879, 879 [2003]). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.