Matter of Duchnowski v Annucci (2019 NY Slip Op 00942)





Matter of Duchnowski v Annucci


2019 NY Slip Op 00942


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

526994

[*1]In the Matter of LEO DUCHNOWSKI, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: January 4, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Leo Duchnowski, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Groveland Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
A correction officer smelled something burning coming from the room in the infirmary where petitioner was housed. The officer entered the room and observed petitioner exiting the bathroom with smoke billowing out from behind the door. The officer then entered the bathroom and found two twisted pieces of toilet paper, one smoldering inside a paper towel dispenser and the other wrapped around a piece of wire that appeared to have been inserted into the wall outlets to start a fire. In addition, there were burned toilet paper cylinders in the toilet and both wall outlets were damaged. As a result, petitioner was charged in a misbehavior report with numerous prison disciplinary violations. Following a tier II hearing, he was found guilty of possessing an altered item, starting a fire, using flammable materials, tampering with electrical outlets and destroying state property. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report, testimony of the correction officer who authored it and photographs of the flammable materials and outlets provide substantial evidence supporting the determination of guilt (see Matter of Battle v Pignotti, 155 AD3d 1213, 1213-1214 [2017]; Matter of Rose v Goord, 259 AD2d 818, 818-819 [1999]). Even though petitioner shared the bathroom with other inmates and was not seen actually setting the fire, the officer's observation that petitioner was the only inmate to exit the bathroom, together with the attendant circumstances, permits the reasonable inference of petitioner's guilt of the charges (see Matter of [*2]Scott v Goord, 268 AD2d 631, 632 [2000]). Petitioner's further claim that the Hearing Officer was biased has not been preserved for our review due to his failure to raise it on administrative appeal (see Matter of Wigfall v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1332, 1333 [2018]; Matter of Rico v Fischer, 112 AD3d 1249, 1250 [2013]).
Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.